**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

DAVID CIGARROA,
Plaintiff,
-v.-
G8X LLC d/b/a GREEK XPRESS, ALEX PLEVRITIS,
Individually, DIMITRIOS SOURSOS, Individually,
and JOHN DOES 1-10,
Defendants.

-------------------------------------------------------X

Case No.: ________________

**ACTION UNDER 29 U.S.C. § 216(b)**

**COMPLAINT**

Plaintiff DAVID CIGARROA, by and through his attorneys, STILLMAN LEGAL P.C., brings this Action against Defendants G8X LLC d/b/a GREEK XPRESS, ALEX PLEVRITIS, Individually, DIMITRIOS SOURSOS, Individually, and JOHN DOES 1-10 (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL") § 650 *et seq.*, as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL §§ 195(1) and 195(3), and related provisions from Title 12 of the New York Codes, Rules and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This Complaint seeks to recover, *inter alia*, unpaid overtime compensation, spread-of-hours pay, and statutory damages for Plaintiff DAVID CIGARROA, a former employee of G8X LLC d/b/a GREEK XPRESS, a restaurant enterprise with its Manhattan location at 264 W 40th Street, New York, NY 10018, and of its owners, officers, and managers, Defendants ALEX PLEVRITIS and DIMITRIOS SOURSOS, where Plaintiff was employed as a line cook and general kitchen worker from approximately February 25, 2025 through approximately November 30, 2025.

2. At all times relevant hereto, Defendants were required, under federal law pursuant to the FLSA, 29 U.S.C. § 207(a)(1), and New York State law pursuant to NYLL § 650 *et seq.* and 12 NYCRR § 142-2.2, to compensate Plaintiff with overtime compensation at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Despite regularly working in excess of forty (40) hours per workweek—ranging from

approximately forty-five (45) to eighty-eight (88) hours per week, and averaging approximately fifty-nine (59) hours per week as corroborated by Plaintiff's bank records reflecting weekly payroll deposits from Defendants—Plaintiff was paid only a straight-time rate of $17.00 per hour, with no overtime compensation whatsoever.

3. In addition to unpaid overtime, Plaintiff brings claims under the NYLL for Defendants' failure to compensate Plaintiff for spread-of-hours pay owed for each workday in which Plaintiff's shift exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6. Plaintiff routinely worked shifts from approximately 3:00 AM to 7:00 PM or 9:00 PM—a spread of sixteen (16) to eighteen (18) hours—well in excess of the statutory threshold.

4. Defendants also violated the NYLL's Wage Theft Prevention Act by failing to provide Plaintiff with any written notice of his wage rate at the time of hire pursuant to NYLL § 195(1), and by failing to furnish accurate wage statements with each payment of wages pursuant to NYLL § 195(3).

5. Accordingly, Plaintiff DAVID CIGARROA brings this action for federal and state claims relating to: unpaid overtime compensation; unpaid spread-of-hours pay; failure to provide proper wage notices under NYLL § 195(1); failure to provide accurate wage statements under NYLL § 195(3); and failure to maintain records as required by the FLSA and NYLL.

6. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217, and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as the federal claims.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff performed work for Defendants within this District, specifically at 264 W 40th Street, New York, NY 10018, which is located within the Southern District of New York, and because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

**Plaintiff**

11. Plaintiff DAVID CIGARROA ("Plaintiff" or "Cigarroa") is and was at all times relevant hereto an individual residing in the State of New York. Plaintiff's primary language is Spanish.

12. Plaintiff CIGARROA was employed by Defendants at their Manhattan restaurant location at 264 W 40th Street, New York, NY 10018, from approximately February 25, 2025 through approximately November 30, 2025, where he worked as a line cook and general kitchen worker.

13. At all times relevant hereto, Plaintiff CIGARROA was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

14. Defendant G8X LLC d/b/a GREEK XPRESS ("Greek Xpress" or "Corporate Defendant") is, upon information and belief, a duly organized limited liability company operating under the laws of the State of New York, with a primary place of business at 264 W 40th Street, New York, NY 10018.

15. Upon information and belief, Defendant G8X LLC d/b/a GREEK XPRESS owns and operates a multi-location restaurant enterprise operating under the "Greek Xpress" brand, with locations including but not limited to: (1) 264 W 40th Street, New York, NY 10018 (Manhattan); (2) 158 Lawrence Street, Brooklyn, NY 11201; (3) 229 Prospect Park West, Brooklyn, NY 11215; (4) 2636 Hylan Boulevard, Suite 120, Staten Island, NY 10306; (5) 37 Great Neck Road, Great Neck, NY 11021; (6) 182 New Hyde Park Road, Franklin Square, NY 11010; (7) 437 South Oyster Bay Road, Plainview, NY 11803; and (8) 59 Main Street, East Rockaway, NY 11518. Defendant G8X LLC further operates a catering service division that serves corporate clients, medical offices, and events throughout the New York metropolitan area.

16. Upon information and belief, Defendant G8X LLC d/b/a GREEK XPRESS is engaged in interstate commerce in that it: (a) purchases, receives, and uses food products, packaging materials, cooking equipment, and supplies that originate outside the State of New York and are transported across state lines; (b) maintains a website (greekxpress.com) accessible to customers nationwide, through which it processes orders and conducts business; (c) utilizes interstate delivery platforms including GrubHub, DoorDash, and Seamless; and (d) generates annual gross revenues well in excess of Five Hundred Thousand Dollars ($500,000.00) per year, exclusive of excise taxes, based on its operation of at least eight restaurant locations across the New York metropolitan area, each serving customers daily, together with a multi-location catering operation. Defendant G8X LLC was at all relevant times directly engaged in interstate commerce and constituted an enterprise within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and (s).

17. Defendant ALEX PLEVRITIS is, upon information and belief, an owner, member, officer, manager, and/or principal of Defendant G8X LLC d/b/a GREEK XPRESS.

18. Upon information and belief, at all times relevant to this action, Defendant ALEX PLEVRITIS possessed operational control over the corporate defendant, exercised authority over its policies and practices with respect to employee compensation, and possessed the authority to: (i) hire and fire employees; (ii) determine the wages and method of compensation of employees, including Plaintiff; (iii) establish work schedules; (iv) maintain or direct the maintenance of employee records; and (v) pay employees their wages.

19. Defendant DIMITRIOS SOURSOS is, upon information and belief, an owner, member, officer, manager, and/or principal of Defendant G8X LLC d/b/a GREEK XPRESS.

20. Upon information and belief, at all times relevant to this action, Defendant DIMITRIOS SOURSOS possessed operational control over the corporate defendant, exercised authority over its policies and practices with respect to employee compensation, and possessed the authority to: (i) hire and fire employees; (ii) determine the wages and method of compensation of employees, including Plaintiff; (iii) establish work schedules; (iv) maintain or direct the maintenance of employee records; and (v) pay employees their wages.

21. Defendants ALEX PLEVRITIS and DIMITRIOS SOURSOS are employers of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, and are jointly and severally liable for the violations alleged herein.

22. Defendants JOHN DOES 1-10 are individuals and/or entities whose identities are presently unknown to Plaintiff who, upon information and belief, acted as owners, operators, officers, managers, or supervisors of Defendant G8X LLC d/b/a GREEK XPRESS, and who may also be held liable for the claims asserted herein.

## COMMON FACTUAL ALLEGATIONS

### Defendants Constitute a Single Enterprise and Joint Employers

23. Defendants owned and operated the Greek Xpress restaurant enterprise, a multi-location restaurant chain operating under a unified brand and common management structure. At all relevant times, Defendants possessed operational control over the Corporate Defendant, an ownership and/or membership interest in the Corporate Defendant, and controlled the significant business and personnel functions of the Corporate Defendant.

24. At all times relevant hereto, Defendants G8X LLC d/b/a GREEK XPRESS, ALEX PLEVRITIS, and DIMITRIOS SOURSOS were Plaintiff’s employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL. Such Defendants had the authority and power to hire and fire Plaintiff, control the terms and conditions of his employment, including work

assignments and hours worked, and to determine the rate and method of compensation in exchange for Plaintiff's services.

25. Defendants constitute a single employer and/or joint employers of Plaintiff, as any purported business division among them is fictional. All Defendants acted in concert in employing Plaintiff and in maintaining the unlawful pay practices described herein.

26. As part of their regular business practice, Defendants intentionally and repeatedly harmed Plaintiff DAVID CIGARROA by engaging in a pattern and policy of violating the FLSA and NYLL, including by: (a) failing to pay employees the applicable overtime compensation rate—one and one-half times the regular rate of pay—for all hours worked in excess of forty (40) hours per workweek; (b) failing to pay employees spread-of-hours compensation for workdays in which the spread of hours exceeded ten (10) hours; (c) failing to keep any records of the hours worked by employees, despite their obligation to do so under the FLSA and NYLL; and (d) failing to provide employees with statutorily required wage notices at the time of hire and wage statements with each payment of wages, thereby depriving employees of the information necessary to identify and challenge Defendants' wage violations.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their lawfully owed compensation. Defendants' unlawful conduct was willful and in bad faith. Defendants, as operators of a multi-location restaurant chain with at least eight locations across the New York metropolitan area, had access to—and were required to maintain familiarity with—federal and state wage-and-hour requirements, including the FLSA's overtime provisions and the NYLL's requirements for wage notices and wage statements. Despite this, Defendants maintained no timekeeping system for Plaintiff, issued no pay stubs or wage statements, provided no written notice of Plaintiff's rate of pay at the time of hire, and paid Plaintiff only a flat hourly rate of $17.00 regardless of hours worked—all of which evidence a deliberate scheme to evade overtime obligations rather than mere inadvertence. Defendants' conduct has caused significant economic harm to Plaintiff DAVID CIGARROA.

**Plaintiff David Cigarroa's Employment**

28. From approximately February 25, 2025 through approximately November 30, 2025, Plaintiff DAVID CIGARROA was employed by Defendants at the Greek Xpress location at 264 W 40th Street, New York, NY 10018.

29. Although Plaintiff was nominally hired as a line cook, Defendants required him to perform a wide range of kitchen duties far beyond cooking, including: washing dishes; cleaning the kitchen and food preparation areas; performing food preparation tasks; receiving and stocking inventory; and transporting and delivering food orders for Defendants' catering and event clients.

30. Plaintiff CIGARROA's employment was approximately forty (40) weeks in duration, from approximately February 25, 2025 through approximately November 30, 2025.

31. Throughout his employment, Plaintiff CIGARROA regularly worked in excess of forty (40) hours per workweek. Plaintiff's bank records reflect weekly payroll deposits from Defendant G8X LLC via ACH direct deposit (PPD ID: 1462800242) which, at Plaintiff's straight-time rate of $17.00 per hour, demonstrate that Plaintiff worked an average of approximately fifty-nine (59) hours per workweek during the twenty-two (22) pay periods documented in Plaintiff's bank statements from May 13, 2025 through October 10, 2025. The weekly payroll deposits ranged from approximately $758.30 to $1,490.50, implying weekly hours ranging from approximately forty-five (45) to eighty-eight (88) hours. Every documented pay period reflects hours worked in excess of forty (40) per week. Plaintiff's typical daily schedule began at approximately 3:00 AM and concluded at approximately 7:00 PM or 9:00 PM, approximately five (5) days per workweek.

32. Throughout his employment, Defendants did not provide Plaintiff with uninterrupted meal breaks. On workdays when Plaintiff's shift began at approximately 3:00 AM and concluded at approximately 7:00 PM or later, Plaintiff was required to work continuously or was unable to take bona fide, uninterrupted meal periods because of the demands of Defendants' kitchen operations.

33. On at least one occasion, as confirmed by a payroll deposit of $1,490.50 on June 10, 2025 (reflecting approximately eighty-eight (88) hours at $17.00 per hour), Plaintiff CIGARROA worked in excess of eighty (80) hours in a single workweek. Plaintiff maintains bank statements, clock-in/clock-out records, and bank deposit records documenting his hours of work.

34. Plaintiff DAVID CIGARROA did not work at his own convenience but was required to report to work in accordance with a schedule established by Defendants. Plaintiff did not come and go at his pleasure, but was controlled by Defendants with respect to the hours, location, and manner of his work.

35. Throughout his employment, Plaintiff CIGARROA was paid at a straight-time rate of $17.00 per hour via weekly ACH direct deposit from G8X LLC. Defendants paid Plaintiff only for hours worked at his straight-time rate and never paid him any overtime premium for hours worked in excess of forty (40) hours per workweek.

36. Plaintiff CIGARROA received no tips, no additional compensation, and no pay stubs or wage statements from Defendants at any point during his employment.

37. The 2025 New York City minimum wage rate for large employers was $16.50 per hour. Because Plaintiff was paid $17.00 per hour, Plaintiff's straight-time rate exceeded the applicable minimum wage in 2025. However, Defendants' failure to pay the overtime premium

of one-half times the regular rate for all hours worked in excess of forty (40) per week resulted in substantial unpaid wages as set forth herein.

38. Under the FLSA and NYLL, because Plaintiff was already compensated at his straight-time rate of $17.00 per hour for all hours worked, the overtime premium owed to Plaintiff for each overtime hour worked is one-half times his regular rate of pay ($17.00 × 0.5 = $8.50 per overtime hour). During the twenty-two (22) pay periods documented by Plaintiff's bank statements (May 13, 2025 through October 10, 2025), Plaintiff worked a total of approximately 427 overtime hours, resulting in documented unpaid overtime of $3,630.91. Extrapolating the documented weekly average of approximately nineteen (19) overtime hours to the full approximately forty (40) weeks of employment, the total estimated unpaid overtime compensation is not less than $6,460.00.

39. In addition, because Plaintiff's daily shifts regularly exceeded ten (10) hours, Plaintiff was entitled to spread-of-hours pay of one additional hour at the minimum wage rate for each such qualifying day pursuant to 12 NYCRR § 146-1.6. During the twenty-two (22) documented pay periods, Plaintiff worked approximately ninety-eight (98) qualifying days. Based on the applicable 2025 NYC minimum wage rate of $16.50 per hour, the documented spread-of-hours pay owed is $1,617.00. Extrapolating to the full approximately forty (40) weeks of employment, the total estimated unpaid spread-of-hours pay is not less than $2,904.00.

40. The total estimated unpaid wages owed to Plaintiff, combining unpaid overtime compensation and unpaid spread-of-hours pay, is not less than $9,364.00. Plaintiff reserves the right to amend these figures upon completion of discovery and analysis of all payroll records.

41. Plaintiff DAVID CIGARROA was a covered employee within the meaning of the FLSA and NYLL and was not exempt from the overtime requirements thereunder, as his employment position and job duties—cooking, cleaning, dishwashing, food preparation, stocking inventory, and making deliveries—were not "professional," "executive," or "administrative" in nature and did not require discretion or independent judgment within the meaning of the applicable exemptions.

42. In his capacity as a kitchen and food service worker, Plaintiff CIGARROA regularly handled goods and food products transported in interstate commerce, including food ingredients, equipment, and supplies originating outside the State of New York.

**Defendants' Unlawful Employment Practices**

43. Throughout Plaintiff's employment from approximately February 25, 2025 through approximately November 30, 2025, Defendants required Plaintiff to work in excess of forty (40) hours per week without ever paying him overtime compensation at the rate of one and one-half times his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

44. By this common policy and practice, Defendants violated Plaintiff's rights under the FLSA and NYLL by failing to pay overtime wages at the legally required rate of one and one-half times his regular rate of pay for all overtime hours worked.

45. Defendants also failed to pay Plaintiff spread-of-hours compensation for each workday in which the interval between the start and end of Plaintiff's workday exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6.

46. Defendants failed to post statutorily required wage and hour posters and did not provide Plaintiff CIGARROA with any wage notices or wage statements during his employment. Defendants maintained no records of Plaintiff's daily or weekly hours of work as required by the FLSA and NYLL.

47. Upon information and belief, Defendants' practices were undertaken willfully and in bad faith to disguise the actual number of hours Plaintiff worked and to avoid paying him lawfully required compensation for overtime hours and spread-of-hours.

48. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire, in English and in the employee's primary language, pursuant to NYLL § 195(1). Plaintiff's primary language is Spanish. Defendants failed to provide Plaintiff CIGARROA with any such notice in any language at any time during his employment.

49. The NYLL and the Wage Theft Prevention Act further require employers to provide employees with accurate wage statements at the time of each payment of wages, containing: the dates of work covered by the payment; the employee's name; the employer's name, address, and phone number; the rate or rates of pay and basis thereof; gross wages; deductions; allowances claimed as part of the minimum wage; net wages; the regular hourly rate; the overtime rate; and the number of regular and overtime hours worked, as required by NYLL § 195(3). Defendants failed to provide Plaintiff CIGARROA with any wage statements at any time during his employment.

50. Upon information and belief, the unlawful pay practices described herein extended beyond Plaintiff CIGARROA to other similarly situated employees of Defendants, and Defendants maintained a policy and practice of requiring employees to work in excess of forty (40) hours per week without providing the overtime compensation or other payments required by law.

## <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

**Violation of the FLSA — Failure to Pay Overtime Compensation**

**(29 U.S.C. § 207)**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of compensation paid to Plaintiff in exchange for his work.

53. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and constituted an enterprise within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and (s), with annual gross revenues in excess of $500,000.00.

54. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

55. For the period from approximately February 25, 2025 through approximately November 30, 2025, Plaintiff regularly worked in excess of forty (40) hours per workweek, averaging approximately fifty-nine (59) hours per week as documented by payroll deposit records. The total FLSA overtime damages are estimated at not less than $6,460.00, subject to refinement upon completion of discovery.

56. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff to a three-year statute of limitations. Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. As operators of a multi-location restaurant enterprise with at least eight locations across the New York metropolitan area, Defendants were or should have been familiar with federal overtime requirements. Defendants nevertheless maintained no timekeeping records, issued no pay stubs, provided no wage notices, and compensated Plaintiff at a flat rate for all hours worked regardless of overtime—a pattern of conduct evidencing not mere negligence, but a deliberate decision to disregard the overtime requirements of the FLSA.

57. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover: (a) his unpaid overtime wages; (b) an additional equal amount as liquidated damages; (c) reasonable attorneys' fees and costs; and (d) such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Violation of the NYLL — Failure to Pay Overtime Compensation

### (NYLL § 650 et seq.; 12 NYCRR § 142-2.2)

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants, in violation of NYLL § 190 *et seq.* and 12 NYCRR § 142-2.2, failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 198(1-a).

61. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover: (a) his unpaid overtime wages; (b) liquidated damages in an equal amount pursuant to NYLL § 198(1-a); (c) pre-judgment interest at the rate of nine percent (9%) per annum pursuant to CPLR §§ 5001-5004; (d) reasonable attorneys' fees and costs; and (e) such other and further relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**Violation of the NYLL — Failure to Pay Spread-of-Hours Compensation**

**(12 NYCRR § 146-1.6)**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Pursuant to 12 NYCRR § 146-1.6, an employee is entitled to one additional hour of pay at the applicable minimum wage rate for any workday in which the spread of hours—the interval between the beginning and end of an employee's workday—exceeds ten (10) hours.

64. Throughout his employment with Defendants, Plaintiff CIGARROA's daily shifts regularly ran from approximately 3:00 AM to 7:00 PM or 9:00 PM, resulting in a spread of hours of sixteen (16) to eighteen (18) hours per day—far in excess of the ten-hour threshold.

65. Defendants failed to pay Plaintiff any spread-of-hours compensation at any time during his employment.

66. The total estimated unpaid spread-of-hours pay owed to Plaintiff is not less than $2,904.00, based on the applicable 2025 NYC minimum wage rate of $16.50 per hour, subject to refinement upon completion of discovery.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover: (a) unpaid spread-of-hours compensation; (b) liquidated damages pursuant to NYLL § 198(1-a); (c) pre-judgment interest; (d) attorneys' fees and costs; and (e) such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Violation of the NYLL — Failure to Provide Wage Notices**

**(NYLL § 195(1); NYLL § 198(1-b))**

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. NYLL § 195(1), as amended by the Wage Theft Prevention Act, requires employers to provide each new employee, at the time of hiring, with a written notice in English and in the employee's primary language, stating: the rate or rates of pay and the basis thereof; the regular payday; the name of the employer; any "doing business as" names used; the address of the employer's main office; and a phone number for the employer.

70. Defendants failed to provide Plaintiff DAVID CIGARROA with any written wage notice at any time during his employment, in any language, in violation of NYLL § 195(1).

71. Defendants' failure to provide Plaintiff with any wage notice at the time of hire caused Plaintiff concrete harm. Without a written notice of his rate of pay, overtime rate, and Defendants' legal name and address, Plaintiff was unable to verify whether his compensation was lawful, was unable to timely identify that he was being denied overtime compensation, and was deprived of the information necessary to meaningfully evaluate and enforce his wage rights. Had Plaintiff received the wage notice required by NYLL § 195(1), he would have been aware of his entitlement to overtime pay at one and one-half times his regular rate, and would have been in a position to challenge Defendants' unlawful pay practices earlier. The absence of this notice directly contributed to the duration of Defendants' wage theft and the magnitude of Plaintiff's uncompensated losses.

72. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to statutory damages of Fifty Dollars ($50.00) per day for each day the violation occurred, up to a maximum of Five Thousand Dollars ($5,000.00), pursuant to NYLL § 198(1-b).

## FIFTH CAUSE OF ACTION

### Violation of the NYLL — Failure to Provide Accurate Wage Statements

### (NYLL § 195(3); NYLL § 198(1-d))

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. NYLL § 195(3), as amended by the Wage Theft Prevention Act, requires employers to provide each employee with an accurate wage statement with every payment of wages, containing: the dates of work covered; the employee's name; the employer's name, address, and phone number; the rate or rates of pay and basis thereof; gross wages; deductions; net wages; the regular hourly rate; the overtime rate; and the number of regular and overtime hours worked.

75. Defendants failed to provide Plaintiff DAVID CIGARROA with any wage statements at any time throughout his employment, in violation of NYLL § 195(3).

76. Defendants' failure to provide Plaintiff with any wage statements caused Plaintiff concrete harm. Without wage statements showing his hours worked, regular and overtime rates,

gross wages, and deductions, Plaintiff was unable to verify the accuracy of his compensation, unable to determine whether he was being paid the overtime premium required by law, and unable to timely detect the extent of Defendants' wage violations. The absence of wage statements impaired Plaintiff's ability to monitor and enforce his wage rights, delayed his discovery of the violations alleged herein, and caused him informational injury that is directly traceable to Defendants' statutory violations.

77. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to statutory damages of Two Hundred Fifty Dollars ($250.00) per day for each day the violation occurred, up to a maximum of Five Thousand Dollars ($5,000.00), pursuant to NYLL § 198(1-d).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

78. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and all other similarly situated current and former employees of Defendants who were denied overtime compensation in violation of the FLSA during the applicable three-year statute of limitations period (the "Collective").

79. The members of the Collective are similarly situated to Plaintiff in that they were employed by Defendants in similar kitchen, food service, and restaurant worker positions; worked in excess of forty (40) hours per workweek; were subjected to Defendants' common policy and practice of failing to pay overtime compensation at the rate of one and one-half times their regular rates of pay; and were denied compensation to which they were lawfully entitled.

80. Defendants' violations of the FLSA were willful and resulted from a common policy or plan that affected all Collective members. Collective action treatment will allow the Court to resolve all claims in a single proceeding, and is consistent with judicial economy, fairness, and the purposes of the FLSA.

**Rule 23 Class Action Allegations (NYLL Claims)**

81. Plaintiff brings the Second through Fifth Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class defined as: all non-exempt employees employed by Defendants at any Greek Xpress location in the State of New York at any time during the six (6) years preceding the filing of this Complaint through the date of final judgment in this matter (the "Class").

82. Excluded from the Class are Defendants and their officers, directors, and legal representatives, and any individuals who validly opt out of the Class.

83. Numerosity (Rule 23(a)(1)). Upon information and belief, the proposed Class is so numerous that joinder of all members is impracticable. Defendants operate at least eight Greek Xpress restaurant locations across New York City, Nassau County, and Suffolk County, and upon information and belief employ or have employed dozens of non-exempt kitchen, food

preparation, and restaurant workers at these locations during the relevant period. The precise number of Class members is known to Defendants and can be ascertained through reasonable discovery.

84. Commonality (Rule 23(a)(2)). There are questions of law and fact common to the Class that predominate over any questions affecting individual Class members, including but not limited to: (a) whether Defendants employed the Class members within the meaning of the NYLL; (b) whether Defendants had a policy or practice of failing to pay overtime compensation to Class members at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek; (c) whether Defendants had a policy or practice of failing to pay Class members spread-of-hours compensation for workdays exceeding ten (10) hours; (d) whether Defendants failed to provide Class members with written wage notices at the time of hire as required by NYLL § 195(1); (e) whether Defendants failed to provide Class members with accurate wage statements with each payment of wages as required by NYLL § 195(3); (f) whether Defendants' conduct was willful; and (g) the proper measure of damages, including liquidated damages and statutory damages.

85. Typicality (Rule 23(a)(3)). Plaintiff's claims are typical of the claims of the Class members. Plaintiff, like all Class members, was a non-exempt employee of Defendants who worked at a Greek Xpress restaurant location, was subjected to Defendants' common policies and practices of failing to pay overtime compensation, failing to pay spread-of-hours compensation, failing to provide wage notices, and failing to provide wage statements. Plaintiff's claims arise from the same uniform policies and practices as the claims of the Class.

86. Adequacy (Rule 23(a)(4)). Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interests that are antagonistic to or in conflict with the Class. Plaintiff has retained counsel experienced in wage-and-hour litigation and class actions who will vigorously prosecute this action on behalf of the Class.

87. Predominance (Rule 23(b)(3)). Common questions of law and fact predominate over any questions affecting only individual Class members. Defendants' uniform policies and practices—including the use of a centralized payroll system through G8X LLC for all locations, the uniform failure to provide NYLL-compliant wage notices and wage statements, and the common practice of paying employees only straight-time rates regardless of hours worked—establish that liability and damages are susceptible to common proof across all Class members. Individual issues, if any, do not predominate.

88. Superiority (Rule 23(b)(3)). A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Class members are relatively small compared to the expense and burden of individual litigation, making it impracticable for Class members to individually seek redress for Defendants' unlawful conduct. Class treatment will permit a large number of similarly situated persons to prosecute

their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. There will be no difficulty in the management of this action as a class action.

89. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive and declaratory relief with respect to the Class as a whole pursuant to Rule 23(b)(2).

90. The WTPA claims (Fourth and Fifth Causes of Action) are particularly well-suited for class treatment because the questions of whether Defendants provided compliant wage notices and wage statements are binary, common questions that can be resolved on a class-wide basis with common evidence—namely, whether Defendants maintained and distributed such notices and statements to any employees across all locations, which upon information and belief they did not.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID CIGARROA, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment against Defendants G8X LLC d/b/a GREEK XPRESS, ALEX PLEVRITIS, DIMITRIOS SOURSOS, and JOHN DOES 1-10, jointly and severally, as follows:

a. Declaration that Defendants violated the overtime provisions of the FLSA and NYLL with respect to Plaintiff and all similarly situated individuals;

b. An award to Plaintiff of unpaid overtime compensation under the FLSA in an amount to be determined at trial, estimated at not less than $6,460.00;

c. An award to Plaintiff of liquidated damages in an amount equal to one hundred percent (100%) of Plaintiff's unpaid overtime wages under the FLSA, pursuant to 29 U.S.C. § 216(b);

d. An award to Plaintiff of unpaid overtime compensation under the NYLL, or, to the extent duplicative of the FLSA award, the greater of the FLSA or NYLL recovery;

e. An award to Plaintiff of unpaid spread-of-hours compensation under the NYLL in an amount to be determined at trial, estimated at not less than $2,904.00;

f. An award to Plaintiff of liquidated damages in an amount equal to one hundred percent (100%) of all unpaid NYLL wages (overtime and spread-of-hours), pursuant to NYLL § 198(1-a);

g. An award to Plaintiff of statutory damages in the amount of $5,000.00 for Defendants' failure to provide wage notices as required by NYLL § 195(1), pursuant to NYLL § 198(1-b);

h. An award to Plaintiff of statutory damages in the amount of $5,000.00 for Defendants' failure to provide accurate wage statements as required by NYLL § 195(3), pursuant to NYLL § 198(1-d);

i. An award of pre-judgment interest at the statutory rate of nine percent (9%) per annum on all unpaid NYLL wages pursuant to CPLR §§ 5001-5004;

j. An award of post-judgment interest pursuant to 28 U.S.C. § 1961, or in the alternative, CPLR § 5003, as applicable;

k. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and NYLL § 198(1-a);

l. Conditional certification of this action as a collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated employees, with court-authorized notice to potential opt-in plaintiffs;

m. Certification of the NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class Counsel;

n. Such other and further legal and equitable relief as this Court deems just and proper.

Dated: New York, New
York March 29__, 2026

Respectfully submitted,

**STILLMAN LEGAL P.C.**
Attorneys for Plaintiff
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 832-1000
Lina Stillman
By: /s/ Lina Stillman
**LINA STILLMAN, ESQ.**